UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT LEE BAILEY,

    Plaintiff,

v.

CHRISTOPHER GOLLADAY, et al.,

    Defendants.

                               /

Case No. 2:07-CV-115

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on June 19, 2009. The Report and Recommendation was duly served on the parties. The Court has received objections from Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made, including the two video tape recordings. The Court finds Plaintiff's objections to be without merit.

Plaintiff brought a 42 U.S.C. § 1983 suit, claiming violations of his Eighth Amendment rights when Defendants allegedly used excessive force to restrain Plaintiff after Plaintiff assaulted Defendant Golladay. Defendants moved for summary judgment and for qualified immunity. The Magistrate Judge recommended that Defendants' motion for summary judgment be granted because Plaintiff's Eighth Amendment rights were not violated and Defendants were entitled to qualified immunity.

Plaintiff made two objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff argues that his injuries show that Defendants maliciously and sadistically used force to

cause harm, and that he has alleged sufficient facts to create a genuine issue of material fact. A District Court does not need to provide *de novo* review where objections to a Report and Recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Here, Plaintiff argues that the videotapes that recorded the incident do not depict the entire incident, but Plaintiff does not state what is missing. Furthermore, the exhibit attached to Plaintiff's objections states that only a few seconds were missing from one of the videotapes. Therefore, Plaintiff's objection is overruled. *See Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact).

In his second objection, Plaintiff argues that he stated a claim for the use of excessive force, and that the force used to restrain him was repugnant to the conscience. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley v. Albers*, 475 U.S. 312 (1986), should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Under *Whitley*, the test is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Here, the videotapes and Critical Incident reports showed that Plaintiff ran back to his cell when he found out that his cell was being searched. When Plaintiff entered his cell, Plaintiff immediately assaulted Defendant Golladay - who is shown with injuries to his face. During this time, three other prisoners struck officers who were responding to the scene. The videotapes showed that Plaintiff only stopped his aggressive behavior once he was completely restrained by the officers. At this point Plaintiff was consistently complaining about excessive force being applied when no excessive force was being applied. When Plaintiff was taken to the hospital, his CAT scan results were normal and the reports showed that Plaintiff suffered no significant injuries.

The Defendant guards were in a very dangerous and difficult situation. The Court finds that Plaintiff has not shown a genuine issue of material fact and that Defendants' conduct was a good-faith effort to restore order in the prison. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (Docket #90) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Docket #60) is **GRANTED**.


Dated: September 30, 2009          /s/ Gordon J. Quist
                                   GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE